## G. SEWELL, ET AL. *v.* C. H. ADAMS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—611.]

**Enforcement of Vendee's Lien on Land.**

A vendee of land by parol, not in possession, can not institute and maintain an action to enforce his lien for money paid on such purchase on the theory that he can not obtain title.

APPEAL FROM HENRY CIRCUIT COURT.
January 30, 1886.

OPINION BY JUDGE PRYOR:

We have been cited to no authority sustaining the position that a vendee of land by parol not in possession may institute an action to enforce his lien for the money paid on the idea that he can not obtain title. In this case it is alleged that Adams and Bullock were the purchasers of the land and in the possession. They held the title. Sewell and Alligond bought an interest in the land by parol, and after this, Bullock having sold to Adams, the latter sold the property to the appellee, Jones. It is attempted to be maintained that the parol purchase by Sewell and Alligond made them joint tenants or tenants in common with Adams and Bullock, and from that date the latter held possession for all. A writing is equally as necessary to create such a tenancy in order to place the party in possession by mere operation of law as it is to pass the title, and although Jones may have had notice of the parol contract the parties in the actual possession who held the title sold to Jones and delivered to him the possession. It seems to us that the demurrer was properly sustained to the petition, and that the appellants may sue for their purchase-money; but that they could have enforced their lien even against Adams and Bullock, who never had surrendered the possession, will not be conceded, and certainly not as against Jones.

Judgment *affirmed.*

*Masterson & Carroll, for appellants.*

*Carroll & Barbour, for appellees.*